UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

James L. Woods
Marja M. Woods                                    CASE NO:    10-60216
                                                  CHAPTER:    13
                                                  JUDGE:      Steven W. Rhodes

    _____Debtor(s)_____/

            Plaintiff,
v.                                                Adv Proc. No.

HSBC Mortgage Corp., First Indiana Bank N.A. and
Mortgage Electronic Registration Systems,

    _____Defendant(s)_____/

## COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY

**NOW COMES** Plaintiffs, by and through their attorneys, The Findling Law Firm, P.L.C., states the following complaint:

1. Plaintiffs bring this complaint pursuant to 11 U.S.C. § 506, and submit themselves to jurisdiction of this Court through Fed. R. Bankr. P. § 7001 and § 7004

2. Debtors filed a Voluntary Chapter 13 with this court on or about June 22, 2010.

3. That the Debtors hold two separate mortgages on their principal residence located at 7905 Lake Street, Monroe, Michigan 48161, legally described as follows Land Situated in the County of Monroe, Michigan and described as follows:

> Lots 337 and 338, Belles Harbor No. 1, according to the Plat thereof as recorded in Liber 5 of Plats, Page 1 and 2, Monroe County Register of Deeds Office. Parcel ID Number: 12-085-088-00

4. The property has a value less than approximately $120,000.00, according to Debtors' Schedules, State Equalized Value and/or market analysis of the homes in the near area.

5. The first mortgage secured against the real property was granted to First Indiana Bank, N.A., in the amount of $182,450.00 on May 11, 2004, which mortgage was recorded in the Monroe County Register of Deeds in Liber 2732, Page 175, on May 19, 2004.

6. On July 21, 2004, the first mortgage was assigned to Mortgage Electronic Registration Systems, Inc., which assignment was recorded in the Monroe County Register of Deeds in Liber 2848, Page 245, on December 13, 2004.

7. On June 18, 2008, the first mortgage was then assigned to Aurora Loan Services LLC, which assignment was recorded in the Monroe County Register of Deeds on July 3, 2008, and assigned document number 2008R13387.

8. On August 26, 2009, the first mortgage was then assigned to Mortgage Electronic Registration Systems, Inc., which assignment was recorded in the Monroe County Register of Deeds on September 8, 2009, and assigned document number 2009R16269.

9. The first mortgage was then modified pursuant to a Loan Modification date August 6, 2009, which modification was recorded in the Monroe County Register of Deeds on October 30, 2009, and assigned document number 2009R19266.

10. The second mortgage was granted to First Indiana Bank, N.A. on May 11, 2004, which was recorded in the Monroe County Register of Deeds in Liber 2732, Page 660, on May 19, 2004.

11. The second mortgage was assigned to Mortgage Electronic Registration Systems on June 3, 2004, as recorded in the Monroe County Register of Deeds in Liber 2787, Page 744, on August 20, 2004.

12. The second mortgage, upon information and belief was later assigned to HSBC Mortgage Corp. According to the records of the Monroe County Register of Deeds no assignment has been recorded for this transaction.

13. The second mortgage is an unsecured debt.

14. The Debtors are entitled to avoid the claimed security interest of HSBC Mortgage Services, Corporation/First Indiana Bank, N.A./ Mortgage Electronic Registration Systems, (MERS), in its second mortgage in the Debtors' property for the amount of $51,500.00 under the provisions of 11 U.S.C. 506, as this Defendant's lien is not an "allowed secured claim" as defined by the Code and applicable case law.

15. The Debtors are entitled to avoid the claimed security interest of HSBC Mortgage Services, Corporation/First Indiana Bank, N.A./ Mortgage Electronic Registration Systems, (MERS), in the Debtors' property for the amount of $51,500.00, which mortgage was recorded in the Monroe County Register of Deeds on Liber 2732, Page 661, on May 19, 2004, under the provisions of 11 U.S.C. 506, as this Defendant's lien is not an "allowed secured claim" as defined by the Code and applicable case law.

16. Therefore, Defendant HSBC Mortgage Services, Corporation/First Indiana Bank, N.A./ Mortgage Electronic Registration Systems, (MERS), does not have a valid lien or security interest in Debtors' residence and are, instead, General Unsecured Creditors whose claims will be paid as a Class 8 creditors.

17. The interests of good faith and justice support the requested relief.

WHEREFORE, Debtor prays this Honorable Court grant Debtors' requested relief to Avoid Security Interest and Lien in Property, to strip Defendant claimed

seconds interest which interest was recorded in the Monroe County Register of Deeds on Liber 2732, Page 661, on May 19, 2004, in the amount of $51,500.00, or for such other relief as this Court deems just.

        Respectfully submitted,

        /S/ Robert A. Dubin
        Robert A. Dubin P51247
        Attorney for Debtor/Plaintiff
        415 S. West Street, Suite 200
        Royal Oak, MI 48067
        (248) 399-3300
        robert@findlinglaw.com

Dated: July 1, 2010